## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | In Proceedings under Chapter 13 |
| | ) | |
| Anthony J. Filarski, | ) | Case No. 11-41680 |
| | ) | |
| Debtor. | ) | |

### OPINION

This matter came before the Court for hearing on a motion filed by Rita Tovella ("Creditor") to reconsider an order sustaining the Debtor's objections to Creditor's claims (claim numbers 23-1 and 24-1). The Debtor filed objections to those claims on June 6, 2012 with a response deadline of July 6, 2012. The Creditor requested, and received, two extensions of time to respond to the objections. A timely response was not filed and accordingly, an order was entered on August 20, 2012 sustaining the objections and disallowing the claims. On August 21, 2012, the Creditor filed a motion asking the Court to reconsider its order.

Both the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure provide for reconsideration of an order disallowing a claim. Under 11 U.S.C. § 502(j), "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." Likewise, Federal Rule of Bankruptcy Procedure 3008 states, "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."

Neither the statute nor the rule defines "cause." The Advisory Committee Note to Rule 3008 states "Reconsideration of a claim that has been previously allowed or disallowed after objection is discretionary with the court." FED. R. BANKR. P. 3008 advisory committee's note. "What constitutes 'cause according to the equities of the case' is not specifically set forth[] but is

an adaptable standard which reflects bankruptcy laws' roots in equity jurisprudence." 4-502 *Collier on Bankruptcy* ¶ 502.11[5] (16th ed. 2012). "The Court should weigh the extent and reasonableness of any delay, prejudice to the debtor and other creditors, effect on efficient administration, and the moving creditor's good faith." *In re Stoecker*, 151 B.R. 989, 1001 (Bankr. N.D. Ill. 1993) (citing *In re Resources Reclamation Corp.*, 34 B.R. 771, 773 (B.A.P. 9th Cir. 1983)). *See also Colley v. Nat'l Bank of Tex. (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir. 1987) ("the bankruptcy court's discretion in deciding whether to reconsider a claim is virtually plenary… If reconsideration is granted, the court may readjust the claim in any fashion 'according to the equities of the case'"); *In re Jack Kline Co.*, 440 B.R. 712, 741 (Bankr. S.D. Tex. 2010) (holding that if the merits of a claim are not litigated, Fed. R. Civ. P. 60(b) is inapplicable and "the bankruptcy court has wide discretion pursuant to § 502(j) to determine whether 'cause' exists for reconsidering the allowance of a claim"[1]).

In the motion to reconsider, Creditor's counsel states that "[t]he deadline to respond was missed due to the fact that the paralegal assigned to the case and responsible for monitoring deadlines was out of the office for a vacation[,] and the covering paralegal inadvertently failed to bring this deadline to counsel's attention." With respect to the extent and reasonableness of the delay, the Creditor moved for reconsideration only one day after entry of the order disallowing the claims. The Court finds this short delay to be reasonable.

Neither the Debtor nor creditors are prejudiced by the Court's reconsideration of its order. Both the Debtor and the Creditor will have an opportunity to argue the merits of the Debtor's objections. No other creditor or party in interest, including the Trustee, has filed a pleading or made an appearance regarding the objections, the order, or the motion to reconsider.

---

[1] The Court notes that the merits of the claim have not yet been litigated. The claim was sent out on negative notice and disallowed based on the lack of a response.

As previously, stated, the Creditor moved for reconsideration only one day after the order sustaining the objections was entered.  Furthermore, the Debtor's plan calls for a 36-month applicable commitment period, and there are more than 24 months remaining in the plan.  Reconsidering the order sustaining the objections will not impede the efficient administration of the case.

Finally, Creditor's counsel admits that it was a clerical oversight that caused the deadline to be missed.  Although counsel is reminded that it is ultimately the responsibility of an attorney, and not a paralegal, to properly monitor and calendar deadlines, the Court is satisfied that the motion is made in good faith.  It was filed only one day after the order was entered, and counsel had twice before moved in a timely fashion to extend the deadline for responding.

The cases cited by the Debtor in his objection are inapposite.  They all concern the standard of excusable neglect found in Federal Rule of Civil Procedure 60(b).[2]  Although some courts have used that standard on a motion for reconsideration of an order disallowing a claim, that is not the standard set forth in 11 U.S.C. § 502(j) and Federal Rule of Bankruptcy Procedure 3008.  The Court declines to set a higher bar than that provided for by statute and rule.

For the reasons set for above, IT IS ORDERED that the motion for reconsideration is GRANTED.  The Clerk's office is directed to schedule a hearing by separate notice on the Debtor's objections to claims and the Creditor's response thereto.

See order entered this date.

ENTERED: December 13, 2012

/s/ Laura K. Grandy
_____
UNITED STATES BANKRUPTCY JUDGE/8

---

[2] Rule 60(b) is made applicable to bankruptcy matters through Federal Rule of Bankruptcy Procedure 9024.